# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

JON MILLS, ADC # 86911                                                    PLAINTIFF

v.                                      2:11-cv-00052-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction; *et al.*                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Jon Mills, is an inmate in the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction.  He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights.

## I.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## II. ANALYSIS

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotations omitted). For liability under § 1983 to attach, there must be "a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

### A. Retaliation

In his Compliant, Mr. Mills states "[he] has been retaliated against for filing *Mills v. White*, 5:05cv00304BSM-JTK and locked in isolation without a due process hearing." (Doc. No. 2 at 3.) This claim should fail as a matter of law because the only common parties between *Mills v. White* and the present action are Defendants Ray Hobbs and Larry May, and Plaintiff fails to allege any specific retaliatory actions on their part.

To sustain his retaliation claim, Mr. Mills must allege that the Defendants were involved in or affected by his previous litigation. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996). He must also allege sufficient facts upon which a retaliatory animus can be inferred. *Id.* Only Defendants Hobbs and May were involved in the previous lawsuit. Mr. Mills fails to allege that the other Defendants were affected by his previous lawsuit and, therefore, fails to state a claim of

retaliation against Defendants Ball, Burl, Payne, Steward, and Palmer.

As to Defendants Hobbs and May, Mr. Mills fails to allege facts on which it can be inferred that they acted with retaliatory animus. To the extent that he seeks to hold Defendants Hobbs and May liable for the actions of their subordinates, it is well settled that prison officials cannot be held liable under § 1983 on a theory of *respondeat superior*. *See Schaub v. Vonwald*, 638 F.3d 905, 924 (8th Cir. 2011); *Bell v. Kansas City Police Dep't*, 635 F.3d 346, 347 (8th Cir. 2011). For these reasons, the Court also finds that Mr. Mills fails to state a retaliation claim against Defendants Hobbs and May and this claim should be DISMISSED.

## B.    Retaliatory Discipline

Mr. Mills also alleges he has been disciplined for filing grievances and that ADC's grievance policy prohibits a prisoner from being retaliated against for filing grievances. "A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009). The filing of a prison grievance is protected First Amendment activity. *Id.* at 1155-56; *Lewis v. Jacks*,, 486 F.3d 1025, 1029 (8th Cir. 2007). Although Mr. Mills provides evidence establishing that he filed several grievances (*see* Doc. Nos. 6, 7), he fails to provide a scintilla of evidence suggesting he was disciplined for filing those grievances.

Accordingly, the Court finds that Mr. Mills fails to allege sufficient facts to support his retaliatory discipline claim and it should, therefore, be DISMISSED for failure to state a claim on which relief may be granted.

## C.    Conditions of Confinement

The "Constitution does not mandate comfortable prisons" or that prisons "be free of

4

discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  But neither does it permit inhumane ones, and it is well settled that the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548 (8th Cir. 2010).  The Eighth Amendment imposes a duty upon prison official to provide humane conditions of confinement.  *Farmer*, 511 U.S. at 832; *Aswegan v. Henry*, 49 F.3d 461, 463 (8th Cir. 1995).  This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates.  *Farmer*, 511 U.S. at 832.  To state an Eighth Amendment violation, the prisoner must allege that: (1) from an objective viewpoint, the defendant's conduct deprived the prisoner of the minimal civilized measure of life's necessities and (2) when viewed subjectively, the defendants acted with deliberate indifference to the prisoner's health and safety.  *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

In his Complaint, Mr. Mills alleges these Eighth Amendment violations: 1) the food is nutritionally inadequate; 2) the hot water is not hot enough to sanitize dishes nor prepare coffee and food items purchased from the commissary; 3) Defendants have condoned homosexual rapes and abuse of the prisoner; 4) an overall lack of adequate prison staff to assure inmate safety; and 5) inadequate ventilation in the housing units.  (Doc. No. 2).  Although he asserts these allegations, he does not provide specific dates, persons involved, or descriptions of each event, nor does he assert he sustained a physical injury as a result of these conditions.

The Prison Litigation Reform Act provides that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody, without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Thus,

a prisoner cannot sustain an Eighth Amendment claim without proof of an actual injury. *See Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000); *Berryhill v. Schriro*, 137 F.3d 1073, 1076-77 (8th Cir. 1998). Because Plaintiff fails to allege that he sustained an actual physical injury as a result of the conditions of his confinement, the Court finds that these claims should be DISMISSED.

### D.      Deliberate Indifference to Serious Medical Needs

Mr. Mills has degenerative disc disease (Doc. No. 2 at 5) and asserts that Defendants have been deliberately indifferent to his serious medical needs associated with his condition.  (*Id.*) Deliberate indifference to a prisoner's serious illness or injury constitutes cruel and unusual punishment under the Eighth Amendment. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009). Claims of medical indifference, however, must be brought against those directly responsible for the prisoner's medical care. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997); *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994).

Mr. Mills fails to allege any facts in his Complaint that show Defendants had any involvement in his medical care or that he complained to the Defendants about inadequate care.  In the absence of such evidence, the Court finds that Mr. Mills fails to state a claim of deliberate indifference to serious medical needs against the Defendants and this claim should, therefore, be DISMISSED.

### E.      Excessive Force

Plaintiff states that on October 31, 2010, Lee Williams, Jr.,[1] ran him into a brick wall causing a cut to his head.  (Doc. No. 2 at 7.)  He asserts that Mr. Williams used excessive force and seeks to hold Defendants responsible for Mr. Williams's behavior.  Prison officials may not be held liable under § 1983 for the unconstitutional conduct of their subordinates on a theory of *respondeat*

---

[1]Mr. Williams is not a defendant in this case.

*superior. See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).  Mr. Mills states no basis to hold  Defendants liable for Mr. Williams's alleged use of excessive force.  Accordingly, the excessive force claim should be DISMISSED.

### F.       Access to Courts

Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).  To protect that right, prisons must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Myers*, 101 F.3d at 544.

### 1.       Assistance to Other Inmates

Mr. Mills states he has received training as a paralegal.  (Doc. No. 2 at 9.)  He asserts that Deputy Warden Payne has written "notes" stating that inmates cannot assist other inmates with their legal needs and those who do will receive a major disciplinary.  (*Id.*)  Mr. Mills also asserts that he has been threatened with a major disciplinary for working on his own cases.  (*Id.*)

As part of an inmate's right to meaningful access to courts, an inmate is entitled to receive legal assistance from fellow inmates unless prison officials provide reasonable alternative assistance. *Gassler v. Rayl*, 862 F.2d 706, 707 (8th Cir. 1988).  Such alternatives include the assistance of public defenders, periodic visits from volunteers of the local bar association who consult with prisoners concerning their cases, or employing senior law students to interview and advise inmates. *Johnson v. Avery*, 393 U.S. 483, 489 (1969).  "In the absence of reasonable alternative assistance '[j]ailhouse lawyers have standing to challenge official action that prevents them from assisting other prisoner.'" *Gassler*, 862 F.2d at 707 (quoting *Wilson v. Iowa*, 636 F.2d 1166, 1167 (8th Cir. 1981)).  However, there is no right to be or to receive legal assistance from a jailhouse lawyer

independent of the right of access to the court.  *Id.* at 707-708.

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish that the state has not provided the inmate with an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlaying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008).  An inmate sustains an actual injury when a nonfrivolous legal claim has been frustrated or impeded.  *Id.*

Mr. Mills's claim fails for two reasons.  First, as stated above, an inmate does not have the right to provide his fellow inmates with legal assistance.  *Gassler*, 862 F.2d at 708.  Second, on review of the Complaint, the Court finds Mr. Mills does not prove actual injury – that his ability to prosecute a nonfrivolous legal claim has been frustrated or impeded.  And the Court notes Mr. Mills was represented by counsel in *Mills v. White*.

2.    Adequate Access to Law Library

Mr. Mills also asserts he was denied adequate access to the law library and that the law library at EARU is inadequate.  To state a claim that inadequacies in a prison law library violate an inmate's right to meaningful access to courts, the inmate must assert that he suffered an actual injury to pending or contemplated legal claims.  *Myers*, 101 F.3d at 544.  Alleging theoretical inadequacies is insufficient.  *Id.*  The inmate must show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement, which because of the inadequacies in the prison law library, the prisoner could not have known, or that the prison law library was so inadequate that it prevented him from filing a complaint for actual harm.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Myers*, 101 F.3d at 544.

Plaintiff merely raises theoretical claims regarding the law library at EARU.  He fails to

allege or prove that his ability to file or prosecute a complaint was hindered by any inadequacies in the EARU law library.

Mr. Mills fails to provide evidence of an actual injury in either of his access to court claims. He, therefore, fails to establish a violation of his right to meaningful access to courts and these claims should be DISMISSED.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 2) should be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of Plaintiff's Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

3.      All pending motions should be DENIED as moot.

4.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting these recommendations and the accompanying judgment would not be taken in good faith.

DATED this 2nd day of April 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE