IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JON MILLS                                                    PLAINTIFF
ADC # 86911

v.                          No. 2:11-cv-52-DPM-JJV

RAY HOBBS, Director, ADC; LARRY MAY,
Chief Director, ADC; TODD BALL, Deputy Warden,
East Arkansas Regional Unit, ADC; DANNY BURL,
Warden, East Arkansas Regional Unit, ADC;
DEXTER PAYNE, Deputy Warden, East Arkansas
Regional Unit, ADC; S. PALMER; CHARLES STEWART;
and ALLCARE PHARMACY                          DEFENDANTS

## ORDER

Mills is serving a life sentence.  He filed a shotgun complaint in March

2011 against various persons inside and outside the East Arkansas Regional

Unit where he is confined.  In January this Court adopted Magistrate Judge

Joe J. Volpe's screening recommendation that some defendants and claims be

dismissed.  The remaining defendants have moved to dismiss the rest of

Mills's claims.  Several other matters are ripe for decision too.

**1.** Judge Volpe has now recommended, *Document No. 58*, that the Court

grant Allcare Pharmacy's motion to dismiss for failure to state a claim.  Mills

has not objected.  The Court sees no legal error or clear factual error in the

recommendation, and the Court adopts it with one clarification: the dismissal is modified to be without prejudice. FED. R. CIV. P. 72(b).

**2.** Judge Volpe has issued a second recommendation, *Document No. 60*, that Mills's other claims be dismissed for failure to state a claim on which relief can be granted. Mills has filed an objection. The objection is rambling and nonresponsive. The Court has nonetheless conducted a *de novo* review of the record. The Court adopts the recommendation; but the dismissal is modified to be without prejudice. The defense motions seeking the same relief, *Document Nos. 47 & 50*, are denied as moot.

**3.** Mills has also filed what seems to be a challenge to the lawfulness of his conviction and confinement—a motion seeking a writ of mandamus or prohibition. *Document No. 57.* He seeks compensation for "18 years of confinement and no arraignment on the so[-]called charges." *Document No. 57, at 11.* A judgment in his favor would imply that his conviction is invalid. So the claim is barred so long as his conviction stands. *Heck v. Humphrey,* 512 U.S. 477 (1994).

**4.** Mills has filed two motions since Judge Volpe made his last recommendation. The first, *Document No. 66*, is a motion to proceed *in forma*

-2-

*pauperis*. It is denied as moot. The Court granted Mills leave to proceed *in forma pauperis* in this Court in March 2011. And it is too soon for Mills to appeal. The second, *Document No. 67*, is an amended complaint. The Clerk has styled it as a motion for leave to amend, and with good reason—it is too late for Mills to amend his complaint without the Court's permission. FED. R. CIV. P. 15(a)(2). The Court should grant leave to amend "when justice so requires." *Ibid*. Justice does not require granting leave here. Mills's proposed complaint suffers from the same deficiencies as his current one. Amendment would be futile.

**5.** Allcare Pharmacy has moved to dismiss the allegations Mills makes against it in his proposed amended complaint. Because the Court has rejected that amended complaint, Allcare's motion, *Document No. 68*, is denied as moot.

**6.** Mills has also filed a motion for injunctive relief. He says "[t]here has been one woman murdered 2-20-12 from mouth running towards prisoners." He says that anytime a woman enters the prison barracks, "two able man should enter for their protection." *Document No. 69, at 1*. Mills's other filings make it clear that the murdered woman was a member of the prison staff.

-3-

Mills has no standing to seek relief on behalf of prison employees. He has not alleged facts that would suggest a "real and immediate" threat that his own constitutional rights will be violated. *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). His motion for injunctive relief is denied.

7. On 11 March 2011, Chief Judge J. Leon Holmes dismissed another of Mills's cases and certified that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g), a provision of the Prison Litigation Reform Act. The Eighth Circuit affirmed that dismissal on 7 July 2011. Case No. 4:11-cv-169-JLH, *Document No. 16*. That affirmance made Judge Holmes's March dismissal Mills's third strike. *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775 (10th Cir. 1999); *see also* Case Nos. 4:05-cv-475-SWW, 4:07-cv-44-SWW. Mills may not appeal *in forma pauperis* unless he meets the exception in 28 U.S.C. § 1915(g).

\* \* \*

Partial recommend disposition, *Document No. 58*, adopted as modified. Motion to dismiss, *Document No. 40*, granted. Recommended disposition, *Document No. 60*, adopted as modified: Mills's complaint, *Document No. 2*, is dismissed without prejudice. His motion to amend that complaint, *Document*

-4-

*No. 67*, is denied.  Motions, *Document Nos. 47, 50, 66 & 68*, are denied as moot.

Mills's motions for a writ of mandamus and a show-cause order, *Document*

*Nos. 57 & 69*, are denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

31 May 2012

-5-